# Exhibit A

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC, a Delaware corporation; and DOES
1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAIRRIN SIMONE LEHMAN, an individual,

| |
|---|
| **Issued and Filed** |
| **Superior Court of California,** |
| **Sacramento**          SUM-100 |
| 03/15/ *FOR COURT USE ONLY* |
| *(SOLO PARA USO DE LA CORTE)* |
| frys |
| By _____, Deputy |
| 23CV006718 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Gordon D. Schaber Sacramento County | *(Número del Caso):* |
| Courthouse, 720 9th Street, Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

| DATE: | AUG 1 5 2023 | Clerk, by | S. FRY | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* AMAZON.COM SERVICES LLC, A DELAWARE CORPORATION

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Filed
Superior Court of California,
Sacramento
08/14/2023
frys
By _____, Deputy
23CV006718

1  Ramin R. Younessi, Esq. (SBN 175020)
   **LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
   3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiff,
   DAIRRIN SIMONE LEHMAN
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SACRAMENTO**

10  DAIRRIN SIMONE LEHMAN, an individual,    Case No.

11                  Plaintiff,               **COMPLAINT FOR DAMAGES FOR:**

12      v.                                   1.  **DISCRIMINATION IN VIOLATION OF
                                                 GOV'T CODE §§12940 ET SEQ.;**
13
    AMAZON.COM SERVICES. LLC, a Delaware     2.  **RETALIATION IN VIOLATION OF
14  corporation; and DOES 1 through 20, inclusive,   GOV'T CODE §§12940 ET SEQ.;**

15                  Defendants.              3.  **FAILURE TO PREVENT
                                                 DISCRIMINATION AND RETALIATION
16                                               IN VIOLATION OF GOV'T CODE
                                                 §12940(k);**
17
                                            4.  **FAILURE TO PROVIDE REASONABLE
18                                               ACCOMMODATIONS IN VIOLATION OF
                                                 GOV'T CODE §§12940 ET SEQ.;**
19
                                            5.  **FAILURE TO ENGAGE IN A GOOD
20                                               FAITH INTERACTIVE PROCESS IN
                                                 VIOLATION OF GOV'T CODE §§12940 ET
21                                               SEQ.;**

22                                          6.  **VIOLATION OF THE PREGNANCY
                                                 DISABILITY LEAVE LAW (GOV'T CODE
23                                               §12945(a));**

24                                          7.  **FOR DECLARATORY JUDGMENT**

25                                          8.  **RETALIATION (LAB. CODE §§1102.5,
                                                 1102.6);**
26
                                            9.  **WRONGFUL TERMINATION IN
27                                               VIOLATION OF PUBLIC POLICY;**

28                                          10. **COMMON LAW BATTERY;**

-1-

**11. COMMON LAW NEGLIGENT SUPERVISION AND RETENTION;**

**12. FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5);**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **DAIRRIN SIMONE LEHMAN,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.    This Court is the proper court, and this action is properly filed in Sacramento County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Sacramento County, and because the work that is the subject of this action was performed by Plaintiff in Sacramento County.

## THE PARTIES

2.    Plaintiff, DAIRRIN SIMONE LEHMAN, is and at all times relevant hereto was a resident of the County of Sacramento, State of California.

3.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AMAZON.COM SERVICES, LLC (hereinafter referred to as "Employer") was and is a California corporation doing business at 4930 Allbaugh Drive, Sacramento, California 95837 in the County of Sacramento, State of California.

4.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private retail.

5.    At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d),

1    12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more

2    persons and are therefore subject to the jurisdiction of this Court.

3        6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

4    the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

5    said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to

6    insert the true names and capacities of said Defendants when the same become known to Plaintiff.

7    Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

8    Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as

9    alleged hereinafter.

10        7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

11    hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

12    coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

13    other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

14    within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

15    successor status and/or joint venture and with the permission and consent of each of the other Defendants.

16        8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

17    of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, acted

18    in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited,

19    compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so,

20    including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based

21    thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20

22    and the INDIVIDUAL DEFENDANTS, and each of them, formed and executed a conspiracy or common

23    plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged

24    herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff

25    harm.

26        9.    Whenever and wherever reference is made in this complaint to any act or failure to act by

27    a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

28    and/or failures to act by each Defendant acting individually, jointly and severally.

10.    Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and

-4-

COMPLAINT FOR DAMAGES

1  DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and
2  were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of
3  Defendants would not promote justice, in that it would permit Defendants to insulate themselves from
4  liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate
5  existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice
6  because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

7      13.    Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the
8  fiction of their separate corporate existence must be disregarded.

9      14.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based
10 thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint
11 enterprise, and that Plaintiff was an employee of Employers and DOES 1-20.  Plaintiff performed services
12 for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants
13 shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which
14 Defendants' business was and is conducted.

15     15.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and
16 between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of
17 assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other
18 Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts
19 to a consolidation or merger of the two corporations. (3) Employers and/or DOES 1-20 are a mere
20 continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for
21 the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employers and/or DOES
22 1-20 are the successors of one or more of the other Defendants. and are liable on that basis.

23
24                          **FACTUAL ALLEGATIONS**

25     16.    On or about June 19, 2022, Employers hired Plaintiff to work as a fulfillment associate.
26 Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily
27 before Plaintiff was wrongfully terminated on or about December 2, 2022.

28     17.    In or around July 2022, Plaintiff found out she was pregnant.

18.    On or about July 28, 2022, Plaintiff provided Employer with a medical letter verifying her pregnancy and placing her on work restrictions of no lifting over 35 pounds.

19.    Despite Plaintiff's work restrictions, Employer did not accommodate Plaintiff, and required her to perform her job duties as usual. Plaintiff requested accommodation of her lifting restrictions on multiple occasions, to no avail.

20.    On or about November 10, 2022, Plaintiff's doctor again gave Plaintiff a medical letter noting her work restrictions of no lifting over 35 pounds. Plaintiff again provided the letter to Employer, who again failed to accommodate Plaintiff's work restrictions.

21.    On or about November 22, 2022, Plaintiff suffered an unprovoked attack by another employee of Employer, with Plaintiff being punched about the head and chest multiple times until other employees intervened, as Employer's security officer observed and failed to intervene. Plaintiff immediately telephoned the police and filed a report relating to the physical assault in her work place.

22.    Thereafter, on information and belief, Employer refused to cooperate with the police investigation and refused to disclose the personal information of the employee who assaulted Plaintiff.

23.    Thereafter, Employer placed Plaintiff on leave pending investigation.

24.    On or about December 2, 2022, Employer terminated Plaintiff's employment.

25.    Defendants discriminated and retaliated against Plaintiff by terminating her employment and for exercising Plaintiff's right to request light duty as an accommodation of Plaintiff's disability, perceived disability, and/or medical condition, and for reporting an unsafe and violent workplace to law enforcement.

26.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability, perceived disability, and/or medical condition such that Plaintiff could continue working for Defendants.

27.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

28.    Plaintiff's termination was substantially motivated by Plaintiff's gender, sex, disability or perceived disability, medical condition or perceived medical condition, request for accommodation,

1  and/or engagement in protected activities, without any discussion of disability accommodations or any
2  good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus
3  is evidenced by the previously mentioned facts.

4       29.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by
5  Defendants' officers, directors and/or managing agents, including, but not limited to those identified
6  herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or
7  create policy for Defendants. The aforementioned conduct of said managing agents and individuals was
8  therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and
9  conduct of said individuals whose actions and conduct were ratified, authorized, and approved by
10  managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified
11  and designated herein as DOES 1 through 20, inclusive.

12       30.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
13  and special damages, including severe and profound pain and emotional distress, anxiety, depression,
14  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
15  counseling and treatment, and past and future lost wages and benefits.

16       31.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
17  commissions, benefits and loss or diminution of earning capacity.

18       32.     Plaintiff claims general damages for emotional and mental distress and aggravation in a
19  sum in excess of the jurisdictional minimum of this Court.

20       33.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or
21  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
22  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
23  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
24  Court.

25
26
27
28

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

34.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

35.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

36.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

37.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of gender, sex, disability, perceived disability, and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of disability, perceived disability, and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

38.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's gender, sex, disability, medical condition and/or the perception that Plaintiff was suffering from a disability, perceived disability, and/or medical condition.

39.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

40.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, demotion, reduction in hours, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and wrongful/constructive termination, and was harmed thereby.

41.     Plaintiff is informed and believes that Plaintiff's gender, sex, disability, perceived disability, and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

42. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

43. The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

44. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

45. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

47. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

48. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

49. Plaintiff engaged in the protected activities of requesting accommodation, exercising her rights under the Pregnancy Disability Leave Law, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's gender, sex, disability, medical condition, real or perceived, and use of medical leave.

50.    Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

51.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

52.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

53.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

54.    The above-said acts of Defendants constitute violations of the FEHA and were a proximate cause of Plaintiff's damage as stated below.

55.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

56.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

57.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

58. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

59. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring.

60. The above-said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

61. The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

62. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

63. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-11-

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

64.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

65.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to provide reasonable accommodation for the known physical disability, perceived disability, and/or medical condition of an employee.

66.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

67.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

68.    The above-said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

69.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

-12-

COMPLAINT FOR DAMAGES

70.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

71.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

72.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

73.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

74.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

75.     Plaintiff reported the disability to Defendants and requested accommodation on multiple occasions, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing

-13-

obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

76.     The above-said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

77.     The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

78.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

79.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA PREGNANCY DISABILITY LEAVE LAW
### GOV'T CODE §12945
### AGAINST ALL DEFENDANTS

80.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

81.     At all times hereto, the California Pregnancy Disability Leave Law ("PDLL"), codified by Government Code §12945 Cal. Code Regs., tit. 2, § 11035, et seq, was in full force and effect and was binding upon Defendants. Under the PDLL, all employers must provide a leave of up to four months, as

1   needed, for the period(s) of time an employee is actually disabled because of pregnancy, even if an
2   employer has a policy or practice that provides less than four months of leave for other similarly situated,
3   temporarily disabled employees. Pregnancy disability leave does not need to be taken in one continuous
4   period of time. An employer is required to give its employees reasonable advance notice of employees'
5   FEHA rights and obligations regarding pregnancy, childbirth, or related medical conditions, including
6   the right to intermittent leave. An employer is also required to give an employee a copy of the appropriate
7   notice as soon as practicable after the employee tells the employer of her pregnancy or sooner if the
8   employee inquires about reasonable accommodation, transfer, or pregnancy disability leaves.

9       82.    The PDLL makes it an unlawful employment practice for an employer:

10          a.    to refuse to provide reasonable accommodation for an employee for a condition
11   related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the
12   advice of the employee's health care provider;

13          b.    to refuse to temporarily transfer a pregnant employee to a less strenuous or
14   hazardous position for the duration of the pregnancy if the employee so requests, with the advice of the
15   employee's physician, where that transfer can be reasonably accommodated;

16          c.    to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any
17   right provided under the PDLL.

18      83.    Further, because the PDLL is part of the FEHA, Government Code §12940(h) makes it
19   unlawful for an employer to refuse to hire, select for a training program or promote, and may not
20   discharge, discriminate or retaliate against, an employee because of pregnancy.

21      84.    Defendants violated the PDLL by refusing to provide accommodation to Plaintiff for her
22   pregnancy-related condition, made at the request of her health care provider, refused to temporarily
23   transfer Plaintiff to a less strenuous position, with the advice of her physician, and instead terminated
24   Plaintiff's employment.

25      85.    The above said acts of Defendants' constitute violations of PDLL, and were a proximate
26   cause in Plaintiff's damage as stated below.

27      86.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated
28   by reference.

87.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the right of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

88.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88, inclusive, as though set forth in full herein.

90.     Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

-16-
COMPLAINT FOR DAMAGES

1   This part shall be deemed an exercise of the police power of the state for
    the protection of the welfare, health, and peace of the people of this state.

2

3   91.    Government Code §12920.5 embodies the intent of the California legislature and states:

4          In order to eliminate discrimination, it is necessary to provide effective
           remedies that will both prevent and deter unlawful employment practices
5          and redress the adverse effects of those practices on aggrieved persons.
           To that end, this part shall be deemed an exercise of the Legislature's
6          authority pursuant to Section 1 of Article XIV of the California
           Constitution.
7

8   92.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

9          The opportunity to seek, obtain, and hold employment without
           discrimination because of race, religious creed, color, national origin,
10         ancestry, physical disability, mental disability, medical condition, genetic
           information, marital status, sex, gender, gender identity, gender
11         expression, age, or sexual orientation is hereby recognized as and
           declared to be a civil right.
12

13  93.    An actual controversy has arisen and now exists between Plaintiff and Defendants

14  concerning their respective rights and duties as it is believed that Defendants may allege that they did

15  not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's

16  gender, sex, disability and/or perceived disability, medical condition or perceived medical condition,

17  engagement in protected activities, and/or some combination of these protected characteristics.

18  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of

19  Plaintiff's gender, sex, disability and/or perceived disability, medical condition or perceived medical

20  condition, engagement in protected activities, and/or some combination of these protected

21  characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result

22  of Plaintiff's gender, sex, medical condition, disability and/or perceived disability, medical condition

23  or perceived medical condition, engagement in protected activities, and/or some combination of these

24  protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants

25  shall dispute Plaintiff's contentions.

26  94.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of

27  Plaintiff's rights and duties, and a declaration that Plaintiff's gender, sex, perceived disability, medical

28  condition, perceived medical condition, disability, engagement in protected activities, and/or some

1   combination of these protected characteristics was a substantial motivating factor in the decision to

2   subject Plaintiff to the aforementioned adverse employment actions.

3         95.     A judicial declaration is necessary and appropriate at this time under the circumstances

4   in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in

5   conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

6   Defendants and to condemn such discriminatory employment policies or practices prospectively.

7   *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

8         96.     A judicial declaration is necessary and appropriate at this time such that Defendants

9   may also be aware of their obligations under the law to not engage in discriminatory practices and to

10   not violate the law in the future.

11         97.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff

12   herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

13   section, the court, in its discretion, may award to the prevailing party, including the department,

14   reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by

15   an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring

16   discrimination and harassment.

17

18                          **EIGHTH CAUSE OF ACTION**

19                             **FOR RETALIATION**

20        **IN VIOLATION OF LABOR CODE §§ 1102.5 AND 1102.6**

21                     **AGAINST ALL DEFENDANTS**

22         98.     Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though

23   set forth in full herein.

24         99.     At all relevant times, Labor Code §1102.5(a) was in full force and effect, and was

25   binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer,

26   from discharging an employee or in any manner discriminating or retaliating against, or taking any

27   adverse action against, an employee because, among other things, the employee disclosed information

28   to a government or law enforcement agency, or to a person with authority over the employee or another

employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code §1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

100.    Plaintiff reported suspected violations of the Labor Code to Plaintiff's supervisors and to law enforcement.

101.    Defendants subjected Plaintiff to the adverse employment action, including without limitation, termination because Plaintiff reported the suspected violations of the Labor Code to Plaintiff's supervisors.

102.    Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

103.    Said conduct violates Labor Code Labor Code §1102.5 and Labor Code §1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

104.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

105.    As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

106.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

1
2
3
4

**NINTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

5       107.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as

6 though set forth in full herein.

7       108.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect

8 and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

9 discriminating against any employee on the basis of gender, sex, disability, medical condition, real or

10 perceived, and use of medical leave, and from retaliating against any employee who engages in

11 protected activity.

12       109.    At all times mentioned in this complaint, Article I, Section 8 of the California

13 Constitution was in full force and effect and binding on Defendants.  This law requires Defendants to

14 refrain from disqualifying a person from pursuing employment on the basis of race, color, national

15 origin, or sex.

16       110.    At all times mentioned in this complaint, it was a fundamental policy of the State of

17 California that Defendants cannot discriminate and/or retaliate against any employee on the basis of

18 gender, sex, disability, medical condition, real or perceived, use of medical leave and/or engagement

19 in protected activity.

20       111.    Plaintiff believes and thereon alleges that Plaintiff's gender, sex, disability, perceived

21 disability, and/or medical condition, real or perceived, use of medical leave, engagement in protected

22 activity with respect to these protected classes, and/or some combination thereof, were factors in

23 Defendants' conduct as alleged hereinabove.

24       112.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's

25 employment on the basis of gender, sex, disability, medical condition, real or perceived, or use of

26 medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes,

27 Plaintiff's engagement in protected activity, and/or some combination of these factors, were a

28 proximate cause in Plaintiff's damages as stated below.

-20-

COMPLAINT FOR DAMAGES

113.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

114.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of exercise of PDLL rights, or in violation of FEHA.

115.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's exercise of PDLL rights and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

116.    At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them.  This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself.  Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the employee's suspicions are correct that the challenged conduct actually violates some law.  Indeed, the law in California is that an employee's good faith but mistaken belief in the illegality of his co-workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing context.

117.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's engagement in protected activities under Labor Code §1102.5 was a proximate cause in Plaintiff's damages as stated below.

118.    At all relevant times mentioned in this complaint, Labor Code §§923, 6310, and 6400, et seq., were in full force and effect and were binding on Defendants.

119.    Labor Code §6310 declares, in pertinent part, that no person shall discharge, or in any manner discriminate against an employee, because the employee has made any oral or written complaint

1  to his employer with reference to employee safety or health.  The public policy underlying Labor Code

2  §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those

3  who in good faith report working conditions they believe to be unsafe.

4      120.    Labor Code §§6400, et seq., require that every employer shall furnish employment and a

5  place of employment that is safe and healthful for employees.

6      121.    When read together, the foregoing statutes establish a fundamental public policy of the

7  State of California requiring employers to provide a safe and secure workplace, *including a requirement*

8  *that an employer take reasonable steps to address credible threats of violence in the workplace.*

9      122.    Plaintiff believes and thereon alleges that her complaints to law enforcement regarding the

10  safety of the place of employment furnished by Defendants were factors in Defendants' decision to

11  retaliate against Plaintiff by terminating Plaintiff, as alleged hereinabove.

12      123.    Such discrimination and retaliation against Plaintiff who, in good faith, reported working

13  conditions she believed to be unsafe were a proximate cause in Plaintiff's damages as stated below.

14      124.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated

15  by reference.

16      125.    The foregoing conduct of Defendants individually, or by and through their officers,

17  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

18  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

19  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

20  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

21  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

22

23              **TENTH CAUSE OF ACTION**

24              **FOR COMMON LAW BATTERY**

25              **AGAINST ALL DEFENDANTS**

26      126.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

27  though set forth in full herein.

28

127.    A person is liable for battery if the person intentionally caused a harmful or offensive touching of another person.

128.    As alleged herein, another employee of Employer acted with intent to cause a harmful or offensive touching of Plaintiff, and a harmful and offensive touching of Plaintiff resulted.

129.    Employer and its agents, representatives, including but not limited to its security personnel, failed and refused to intervene to stop the battery upon Plaintiff.

130.    Thereafter, Employer failed and refused to cooperate with law enforcement's investigation and Plaintiff's inquiries relating to the battery upon Plaintiff.

131.    At all times when the aforementioned batteries were committed against Plaintiff, Employer was complicit and an accessory thereto, as a result of the failure to immediately act to intervene and protect Plaintiff's pregnant body from physical harm, and in failing to cooperate with an investigation, thereafter, including failure to provide law enforcement and Plaintiff with the assailant's information so that appropriate redress could be sought.

132.    The above said acts were a proximate cause in Plaintiff's damages as stated below.

133.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

134.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## ELEVENTH CAUSE OF ACTION

## FOR COMMON LAW NEGLIGENT SUPERVISION AND RETENTION

## AGAINST EMPLOYER DEFENDANTS

135.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

136.    An employer is liable for negligent supervision or retention of an employee if the employer knew or should have known that the employee created a particular risk to others; that the employee harmed the plaintiff, and that the employer's negligence in supervising or retaining the employee was a substantial factor in causing the plaintiffs' harm.

137.    Employer Defendants owed Plaintiff a duty of reasonable care to supervise their employees and to take reasonable steps to prevent them from threatening or injuring Plaintiff.

138.    Employer Defendants further owed Plaintiff a duty of reasonable care to discharge from employment employees who had threatened or injured or were reasonably likely to threaten or injure others with whom they came into contact at work, including Plaintiff.

139.    Employer Defendants had reason to know and should have known that the assailant employee created a risk or threat of injury to Plaintiff and/or other employees.

140.    Employer Defendants breached their duties by failing to properly supervise or control the assailant employee and by failing to terminate the employment of the assailant so that Plaintiff could work in a reasonably safe environment.

141.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

142.    The foregoing conduct of Defendants, by and through its officers, directors and/or managing agents, was intended by Defendants to cause injury to the Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## TWELFTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

### LABOR CODE §1198.5

### AGAINST ALL DEFENDANTS

143.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

144.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

145.    On both February 15, 2023 and June 15, 2023, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

146.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

147.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For civil penalties pursuant to Labor Code § 1102.5 in the amount of no less than $10,000.00;

3.     For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

4.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

5.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

6.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

7.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

8.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

9.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

10.    For post-judgment interest; and

11.    For any other relief that is just and proper.

DATED: July 27, 2023

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
DAIRRIN SIMONE LEHMAN

///

///

///

///

COMPLAINT FOR DAMAGES

1      **<u>JURY TRIAL DEMANDED</u>**

2          Plaintiff demands trial of all issues by jury.

3

4      DATED:  July 27, 2023                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                                **A PROFESSIONAL LAW CORPORATION**

5

6                                               By:
                                                    Ramin R. Younessi, Esq.
7                                                   Attorney for Plaintiff
                                                    DAIRRIN SIMONE LEHMAN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **Filed**<br>**Superior Court of California,**<br>~~Sacramento~~ |
|---|---|
| Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010 | *FOR COURT USE ONLY*<br>08/14/2023<br>frys |

TELEPHONE NO.: (213) 480-6200    FAX NO.: (213) 480-6201
ATTORNEY FOR *(Name):* Plaintiff, Dairrin Simone Lehman

By _____, Deputy

23CV006718

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Civil Unit

| CASE NAME:<br>Dairrin Simone Lehman v. Amazon.com Services, LLC | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3l, 2023

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)                                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Dairrin Simone Lehman | |
| DEFENDANT/RESPONDENT:<br>Amazon.com Services, LLC, a Delaware corporation et al | |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER:<br>23CV006718 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Christopher E. Krueger | Hall of Justice | 54 |
| CASE MANAGEMENT PROGRAM | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **June 28, 2024** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

| SHORT TITLE: LEHMAN vs AMAZON.COM SERVICES, LLC, A DELAWARE CORPORATION, et al. | CASE NUMBER: 23CV006718 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/15/2023                    By:        /s/ S. Fry
                                                 Samuel Fry, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**