UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRRIN SIMONE LEHMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>　　　　　Defendant. | No.  2:23-cv-02022-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. Nos. 6, 9) |

　　　　This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court.  (Doc. No. 6.)  The motion was taken under submission on the papers pursuant to the parties' stipulation under Local Rule 230(g) to forgo a hearing.  (Doc. Nos. 11, 12.)  For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

　　　　On August 14, 2023, plaintiff filed this employment discrimination action against defendant Amazon.com Services LLC ("defendant") and unnamed defendants Does 1–20 in the Sacramento County Superior Court.  (Doc. No. 1-3 at 3–5.)  In her complaint, plaintiff asserts the following twelve causes of action:  (1) employment discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation; (4) failure to accommodate; (5) failure to engage in the

1

1    interactive process; (6) violation of California's Pregnancy Disability Leave Law ("PDLL");

2    (7) declaratory judgment; (8) retaliation in violation of the California Labor Code; (9) wrongful

3    termination in violation of public policy; (10) battery; (11) negligent supervision and retention;

4    and (12) failure to permit inspection of personnel and payroll records.  (*Id.* at 3–4.)  As relief,

5    plaintiff seeks "special damages," "medical expenses," "past and future lost wages, bonuses,

6    commissions, benefits and loss or diminution of earning capacity," "general damages for

7    emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum,"

8    "punitive damages in excess of the jurisdictional minimum," "attorneys' fees and costs," "expert

9    fees," "a civil penalty not exceeding ten thousand dollars," and "a civil penalty of $750."  (*Id.* at

10   9–27.)

11        On September 18, 2023, defendant removed this action to this federal court pursuant to 28

12   U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff

13   and defendant are citizens of different states and the amount in controversy exceeds $75,000.

14   (Doc. No. 1.)  On October 18, 2023, plaintiff filed the pending motion to remand this action to the

15   Sacramento County Superior Court, arguing that the amount-in-controversy requirement under 28

16   U.S.C. § 1332 is not met here.  (Doc. No. 6.)  On November 1, 2023, defendant filed an

17   opposition to plaintiff's motion to remand.  (Doc. No. 8.)  Plaintiff did not file a reply in support

18   of the pending motion.  On November 20, 2023, the parties filed a joint stipulation to submit the

19   motion for a decision on the papers and vacate the hearing set for December 5, 2023.  (Doc No.

20   11.)  Pursuant to Local Rule 230(g), plaintiff's motion was accordingly taken under submission

21   without a hearing.  (Doc. No. 12.)

## LEGAL STANDARD

23   A suit filed in state court may be removed to federal court if the federal court would have

24   had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

25   originally filed in state court presents a federal question or where there is diversity of citizenship

26   among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

27   1332(a).

28   /////

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo*

*Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[1]  Moreover, "a court must include [actual and] future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

## ANALYSIS

In the pending motion to remand, plaintiff contends that defendant improperly removed this action because defendant failed to satisfy its burden to establish federal subject matter jurisdiction based on diversity.  (Doc. No. 6.)  Plaintiff does not dispute that complete diversity of citizenship exists here.  Instead, plaintiff argues that defendant has failed to show in its notice of removal that the amount in controversy exceeds $75,000.  (*Id.*)  The court notes that plaintiff has not asserted in her complaint or moving papers that she seeks less than $75,000 in this action. Rather, plaintiff merely argues that defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum; though, she offers no contrary evidence of her own.  Moreover, in her complaint, plaintiff does not specify the amount in controversy or provide an estimate of the damages sought in this action.[2]  Instead, as noted above, plaintiff broadly requests the award of damages for past and future lost wages, bonuses, commissions, benefits, loss or diminution of earning capacity, physical sickness, emotional distress, medical expenses, punitive damages, attorney's fees, and litigation costs.  (Doc. No. 1-3 at 9.)

In opposing plaintiff's motion to remand, defendant contends that the amount in controversy exceeds $75,000 based on this broad range of damages sought by plaintiff, including

---

[1]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2]  Notably, when a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. 15-cv-04358-MMM-PJW, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).  That is not the case here.

loss of earnings (for approximately 49 weeks full-time at $17.75 per hour), emotional distress damages, punitive damages, and attorneys' fees (for an estimated 100 hours at a reasonable rate of $300 per hour). (Doc. No. 8 at 4–9.) Plaintiff has not offered any counterargument or evidence to rebut defendant's contention in this regard. Indeed, plaintiff did not file a reply brief in support of the pending motion, and thus forwent the opportunity to refute defendant's estimated amounts. Plaintiff also stipulated to forgo oral argument and did not seek to be heard by the court with regard to any such counterarguments. (Doc. No. 11.) Indeed, plaintiff's decision to not submit a reply brief and of opting out of oral argument may suggest that plaintiff no longer wishes to pursue the pending motion to remand. Nevertheless, the court will assess defendant's estimates with regard to each of the categories of damages and determine whether it has shown by a preponderance of the evidence that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

### A. Lost Wages

In its notice of removal, defendant does not provide an estimate of the lost wages at issue in this case. Defendant simply asserts that in sum, all the categories of damages that plaintiff seeks amount to more than $75,000. (Doc. No. 1 at 3.) According to plaintiff's motion to remand, defendant's contention in this regard is "based solely on conjecture." (Doc. No. 6 at 6) However, in support of its opposition, defendant concurrently filed a declaration from their senior human resources business partner, Raheem Muhammad-Terrell, in which he declared that he reviewed defendant's records and determined that plaintiff's last day worked was November 22, 2022, and her hourly wages were $17.75. (Doc. No. 8-3.) Defendant noted that "[w]ithout mitigation, [p]laintiff's potentially recoverable lost wages attributable to the approximate 49 weeks between the conclusion of her employment and [d]efendant's removal are approximately $34,000, and ongoing."[3] (Doc. No. 8 at 8.) Plaintiff was silent on the question of her amount of lost wages and/or mitigation, as she filed no reply brief. Plaintiff had an opportunity to provide

---

[3] By the court's calculation, there are at most 43 weeks between the conclusion of plaintiff's employment on November 22, 2022 and defendant's notice of removal on September 18, 2023. Lost wages for full-time work at $17.75 per hour would therefore add up to approximately $30,530 during this time.

the court with any evidence reflecting her employment status since her termination, but she chose not to do so.  Because plaintiff has not provided any such evidence, the court's accounting for any potential offsets or mitigation in the amount-in-controversy calculation at this point would itself be "based solely on conjecture."

Given the evidence that defendant has submitted regarding plaintiff's earnings, and in the absence of any evidence from plaintiff to the contrary, the court concludes that the category of lost wages alone results in at least $30,000 in controversy.  Notably, this estimate does not account for future wages, which plaintiff also seeks in this action (Doc. No. 1-3 at 9), and which is generally included in the amount in controversy.  *See Chavez*, 888 F.3d at 418 ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.").  However, defendant has not provided an estimate for that subcategory of damages, so lost future wages are not included in defendant's estimated amount for lost wages.

Thus, plaintiff's prayer for lost wages by itself, even before factoring in plaintiff's numerous other grounds for relief, contributes $30,000 to the amount in controversy by a conservative estimate, though likely more.

**B.     Attorneys' Fees**

Plaintiff also seeks recovery of attorneys' fees, which further pushes the amount in controversy to the threshold.  *See Chavez*, 888 F.3d at 418 ("the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails"); *see also Fritsch*, 899 F.3d at 794.  In her complaint, plaintiff requests "a reasonable award of attorneys' fees and costs," both "pursuant to the FEHA" and "for the purpose of redressing, preventing, or deterring discrimination and harassment." (Doc. No. 1-3 at 11–20.)  FEHA permits the recovery of costs and attorneys' fees to the prevailing parties.  Cal. Gov't Code § 12965(c)(6); *Williams v. Chino Valley Indep. Fire Dist*., 61 Cal. 4th 97, 115 (2015) (holding that "a prevailing plaintiff should ordinarily receive his or her costs and attorney fees unless special circumstances would render such an award unjust.").  Defendant claims that attorneys' fees in this case will equal at least $30,000.  (Doc. No. 8 at 12.)  Defendant estimates this $30,000

figure based on the analysis in a few district court decisions in similar cases.  First, another judge of this district court found $30,000 to be "a reasonable estimate of attorneys' fees in a single-plaintiff pregnancy discrimination case."  *Owuor v. Wal-Mart Assocs., Inc.,* No. 2:21-cv-02232-KJM-JDP, 2022 WL 1658738 at *3 (E.D. Cal. May 25, 2022).  Second, this $30,000 figure was calculated using $300 per hour as a "reasonable rate for employment cases" and 100 hours as an "appropriate and conservative estimate" of the time required.  *Id.* (citing *Sasso v. Noble Utah Long Beach, LLC*, No. 14-cv-09154-AB-AJW, 2015 WL 898468 at *6 (C.D. Cal. Mar. 3, 2015)).  Plaintiff's counsel did not dispute defendant's estimate, disclose their actual hourly rates, or otherwise respond to defendant's argument in this regard.  Moreover, in estimating future attorneys' fees, district courts may "rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees."  *Fritsch*, 899 F.3d at 795.  Accordingly, based on its experience, the court agrees that $30,000 is a reasonable and conservative estimate of the potential attorneys' fees, especially when accounting for plaintiff's prosecution of twelve separate claims.

Accepting defendant's reasonable attorneys' fees calculation, the value of plaintiff's claims for lost wages and attorneys' fees therefore amounts to at least $60,000.  The remaining question, then, is whether plaintiff's other requested categories of damages amount to more than $15,000.  If so, the jurisdictional threshold is satisfied here.

**C.    Emotional Distress**

Plaintiff seeks emotional distress damages (Doc. No. 1-3 at 9), which may be considered in determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  To estimate emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts.  *Id.*  In its opposition to the pending motion, defendant highlights several cases involving pregnancy discrimination and wrongful termination in which emotional distress awards far exceeded $15,000.  (Doc. Nos. 8 at 9–10; 9.)  Defendant asks the court to take judicial notice of the verdict and settlement summaries in each case.  (Doc. No. 9.)  "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)

7

(quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Defendant's unopposed request for judicial notice requests that the court take notice of the following four documents: (1) Verdict and Settlement Summary published by the Jury Verdict Reporter in *Cabellero v. Manchester Manor Convalescent Hospital et al.,* Case No. 8097452, 2005 WLC 6272817 (Cal. Super. Ct. 2005); (2) Verdict and Settlement Summary published by the Jury Verdict Reporter in *Noone v. Jason Michael Paul Productions Inc.*, Case No. 586768, 2016 WL 4426564 (Cal. Super. Ct. 2016); (3) Verdict and Settlement Summary published by the Jury Verdict Reporter in *Burton v. Pulmocare Respiratory Services*, Case No. 1509192, 2016 WL 6962191 (Cal. Super. Ct. 2016); and (4) Verdict and Settlement Summary published by the Jury Verdict Reporter in *Lopez v. Bimbo Bakeries USA, Inc.*, Case No. 05445104, 2007 WL 1765192 (Cal. Super. Ct. 2007). The court will grant defendant's unopposed request for judicial notice of all four documents, which are properly the subject of judicial notice as court documents of public record. *See Lemoon v. Cal. Forensic Med. Grp., Inc.*, 575 F. Supp. 3d 1212, 1230 (N.D. Cal. 2021) ("[A] court may judicially notice court documents that are already in the public record or have been filed in other courts.") (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)).

While the facts alleged in this case are not identical to the facts in those cases relied upon by defendant, they are sufficiently similar to serve as benchmarks for determining potential jury awards in the category of emotional distress damages for plaintiffs who prevail in pregnancy discrimination wrongful termination suits. *See* Doc. No. 9-1 at 3 (jury award of $173,425 in damages for pain and suffering); Doc. No. 9-2 at 3 (jury award of $378,000 in damages for emotional distress); Doc. No. 9-3 at 5 (jury award of $275,000 in damages for emotional distress); Doc. No. 9-4 at 2 (jury award of $122,000 in damages for non-economic losses); s*ee also Hankins v. Am. Med. Response Ambulance Serv., Inc.*, No. 1:16-cv-01046-LJO-MJS, 2018 WL 339062, at *4 (E.D. Cal. Jan. 9, 2018) (analogizing to other discrimination cases and noting

8

in "cases alleging similar harassment and retaliation claims, emotional distress damages alone often well exceed $75,000"); *Owuor*, 2022 WL 1658738, at *3 (taking judicial notice of pregnancy discrimination cases with jury awards of $117,000 and $600,000 for non-economic and pain-and-suffering damages). Based on the above figures, defendant has shown that it is more likely than not that the amount in controversy for the emotional distress damages were plaintiff to prevail in this case would be far more than $15,000.

### D. Penalties

Plaintiff's additional requests for punitive damages and civil penalties further confirm that the amount in controversy here exceeds the $75,000 threshold. *See Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016) (noting that the amount in controversy includes "damages (compensatory, punitive, or otherwise)"). Punitive damages may be considered when they are recoverable under one or more of plaintiff's claims for relief. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). At least seven of plaintiff's claims are brought under FEHA, and punitive damages are recoverable for FEHA violations. *See Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 220–21 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained."); *see also Ochoa v. Costco Wholesale Corp.,* No. 2:22-cv-02287-KJM-AC, 2023 WL 2861906, at *3 (E.D. Cal. Apr. 10, 2023) (considering punitive damages towards the amount in controversy in a FEHA case). Again, when specific amounts are not alleged by the plaintiff, "courts look to cases and jury awards with sufficiently similar claims." *Id*. The same pregnancy discrimination and wrongful termination cases that defendant has cited likewise suggest that punitive damages sought in this case will amount to more than $15,000. *See* Doc. No. 9-2 at 3 (jury award of $120,000 in punitive damages); Doc. No. 9-3 at 3 (jury award of $50,000 in punitive damages); Doc. No. 9-4 at 2 (jury award of $2,000,000 in punitive damages); *see also Owuor*, 2022 WL 1658738, at *3 (taking judicial notice of pregnancy discrimination cases with jury awards of $3,854,320 and $450,000 for punitive damages). Further, even apart from a punitive damages award for FEHA violations, plaintiff also seeks civil penalties for two different alleged Labor Code violations. (Doc. No. 1-3 at 21, 27.) Under Labor Code

§ 1102.5(f), plaintiff seeks a penalty of up to $10,000, and under Labor Code § 1198.5, plaintiff seeks a penalty of $750. *Id*. These penalties further increase the amount in controversy, above and well beyond the $75,000 threshold.

In sum, defendant has shown that it is more likely than not that emotional distress damages and penalties in the form of punitive damages and civil penalties amount to more than $15,000 in controversy. Taken together with the $60,000 from plaintiff's claims for lost wages and attorneys' fees, defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional threshold. The court need not address the other categories of damages (medical expenses, psychological counseling, bonuses, benefits, etc.) that plaintiff seeks in this case to reach that conclusion.

## CONCLUSION

For the reasons set forth above:

1. Defendant's request for judicial notice (Doc. No. 9) is granted; and
2. Plaintiff's motion to remand (Doc. No. 6) is denied.

IT IS SO ORDERED.

Dated:  **November 22, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE